**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

QUICK FITTING, INC.   :
   Plaintiff    :
         :
v.         :   CA No. 11-463-L
         :
ZHEJIANG XINGXIN AITE  :
 COPPER MFG. CO. LTD.,  :
QIFU XIE a/k/a "FRANK" XIE, :
FORLAND INTERNATIONAL :
 TRADING CO., LTD.,   :
YORHE FLUID INTELLIGENT :
 CONTROL CO., LTD.,   :
 and Unknown John Doe  :
Individuals and/or Entities  :
   Defendants    :

**PLAINTIFF'S MOTION TO COMPEL
MORE RESPONSIVE ANSWERS TO INTEROGATORIES
FROM DEFENDANT QIFU XIE**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, plaintiff Quick Fitting,

Inc. ("Quick Fitting"), moves to compel defendant Zhejiang Xingxin Aite Copper Mfg. Co.

Ltd. ("XXAT") to render full, complete, *and properly executed* answers to interrogatories

propounded upon him on October 27, 2012.

Xie provided Answers on or about November 30, 2012.  They are hopelessly

deficient.  As an initial matter, Mr. Xie's Answers to Interrogatories have not been properly

executed in accordance with Fed. R. Civ. P. Rules 26(g) and 33(b) (1), (3), or (5), which

require the signature of the *party*, by an officer or agent, under oath.  Rule 33(b)(1)(A)

provides that interrogatories must be answered "by the party to whom they are directed."

Here, Mr. Xie's *pro hac vice* counsel "signed" the answers - by typing his name on the

signature line:

/S/ *Timothy Cornell*
Timothy Cornell
Mueller Law Group PLLC

Local Rules 204(e)(2) and (3) require the signatures of *both* local counsel *and pro hac vice* counsel; Mr. Xie's local counsel did not affix his signature at all.  A copy of the signature page is attached hereto as *Exhibit A*.  Plaintiff informed Xie's local counsel and *pro hac vice* counsel of these deficiencies by letter dated February 11, 2013, requesting that counsel provide further, more responsive answers and that they be properly signed.  Counsel has failed to take any corrective action at all.

Consequently, plaintiff requests, pursuant to Fed. R. Civ. P. Rule 26(g), that the Court: (1) strike all objections contained in the previously provided Answers; (2) order that Xie provide further, full, and *complete* answers to Interrogatories 1, 2, 3, 4, 5, 8, 9, and 10, properly executed; and (3) impose a sanction requiring Mr. Xie to defray all of plaintiff's counsel's fees necessarily incurred in bringing this Motion.

In accordance with LR Cv 37, plaintiff herein sets forth each interrogatory and each response in dispute, followed by brief argument as to why the response is inadequate.

## INTERROGATORIES

## INTERROGATORY NO.  1:

> **INTERROGATORY NO.1**:
>
> Please state your full name and residence address in China and in the United States and Canada, if any, your title and all positions within XXAT at the time of the answers to these interrogatories and each such title and position held by you within XXAT at any time since January 1, 2008.
>
> **ANSWER**:   QiFu "Frank Xie, Qinggang Industrial Zone, Yuhuan, Zhejiang, China, 317606. Until November 1, 2011 , Mr. Xie was general manager of XXAT.

**ARGUMENT:**   The answer is deficient.  It fails to provide any information concerning

titles and positions held by Xie within XXAT since 2008.

## INTERROGATORY NO. 2:

> **INTERROGATORY NO.2:**
>
> Please state whether you have an ownership interest in XXAT or any portion of XXAT, and if the answer is anything other than an unqualified "no," state your percentage of ownership interest of XXAT.
>
> **ANSWER:**  No.

**ARGUMENT:**  Mr. Xie's *pro hac vice* counsel has stated that Mr. Xie in fact did own part of XXAT, through a Canadian corporation that is wholly owned by him.  Despite plaintiff's request, Xie's counsel has neither updated this Interrogatory Answer nor provided a definitive percentage or an identification of the Canadian company.  The defendant is not entitled to withhold this information while forcing plaintiff to investigate by other means.  Xie's counsel should be ordered to update this answer immediately.

## INTERROGATORY NO. 3:

> **INTERROGATORY NO.3:**
>
> Please identify the amount and basis of all compensation paid to or earned by you from XXAT at all times since January 1, 2008, and state whether any portion of such compensation is or was based on commission based on the numbers of products sold or revenue derived from sales.
>
> **ANSWER:**   Xie objects to all Requests to the extent that the time period of January 1, 2008 is overly broad, burdensome and irrelevant. Not waiving those objections, Xie states that until November 1, 2011, he earned RMB 15,000 a month, for which no portion was based on commission as stated in the interrogatory.

**ARGUMENT:**   The first agreement between the parties was executed in 2008.  Therefore the time period requested is neither overly broad nor irrelevant.  Moreover, Xie has failed to provide information on any compensation paid to him through his ownership interest in XXAT either directly or through his ownership of the Canadian enterprise that owns or

owned a percentage of XXAT.  In addition, compensation paid to Xie would include any funds paid to him either directly or indirectly through any other corporation or business entity owned by him, or in relation to the purported sale of assets from XXAT to Yorhe Fluid Intelligent Control Co., Ltd., or any other entity.

**INTERROGATORY NO.  4:**

> **INTERROGATORY NO.4:**
>
> Please detail and describe all employment, agency, or contractual relationships you have or have ever had with the following entities:
>
> a. Zhejiang Yonghe Sanitation Co. Ltd.;
>
> b. Yorhe Fluid Intelligent Control Co., Ltd.
>
> c. Yonghe Valve Co.
>
> **ANSWER:**   Xie objects to this interrogatory on the general grounds stated above, that it is a compound interrogatory, that it is irrelevant to the issues presented in the Complaint.   Without waiving those objections, Xie states that on November 1 2011, he became sales manager at Zhejiang Yonghe Sanitation Co., Ltd.

**ARGUMENT:**   A single interrogatory is not objectionable because it is divided into subparts.  Neither is Mr. Xie's relationship to these (and other) entities irrelevant.  Counsel has answered elsewhere that Mr. Xie went to work for one of the above entities, and plaintiff has witnessed Mr. Xie working at trade shows in the United States for new defendant Yorhe Fluid Intelligent Control Co., Ltd., selling or offering for sale push fit products of the type and design at issue in the present litigation

**INTERROGATORY NO.  5:**

> **INTERROGATORY NO.5:**
>
> Please identify each office or business address maintained or utilized by you in the United States and in Canada, at any time since January 1, 2008 and for each, state whether or not it is still maintained or utilized by you.

**ANSWER:** Xie has utilized 1470 Midland Avenue, Toronto, Ontario during trips to North America

**ARGUMENT:** The response is deficient because Mr. Xie has not answered whether or not this address is still maintained or utilized by him.

## INTERROGATORY NO. 8:

INTERROGATORY NO.8:

Please identify each trade show or exposition held in the United States or Canada since January 1, 2008 that you attended on behalf of XXAT.

ANSWER: Xie objects to all Requests to the extent that the time period of January 1, 2008 is overly broad, burdensome and irrelevant. Contingent upon satisfactory clarification and narrowing of the time period by Quick Fitting, Xies states that he attended the National Hardware Show in May 2011 and THE AHR show in Chicago, Ill., in January 2012.

**ARGUMENT:** The first agreement between the parties was executed in 2008. The time period requested is neither overly broad nor irrelevant. Moreover, the list of shows is incomplete and Xie has failed to supplement his answer. Plaintiff observed Xie attending another trade show in the United States displaying products advertised as XXAT products.

## INTERROGATORY NO. 9:

INTERROGATORY NO.9:

Please identify each person or entity responsible for providing accounting services to you in the United States or in Canada at all times since January 1, 2008.

ANSWER: Xie objects to all Requests to the extent that the time period of January 1, 2008 is overly broad, and the person or entity responsible for providing Xie accounting services in the United States or in Canada is irrelevant. Contingent upon satisfactory clarification and narrowing of the time period and location by Quick Fitting, Xie has herewith responded.

**ARGUMENT:** Xie's answer is nonsensical; neither he nor XXAT responded to this interrogatory. Plaintiff is entitled to information from third parties, if necessary, that would

corroborate or contradict information provided by the defendants concerning revenues, the tracing of the revenues, and the identification of related entities and concerns.  The first agreement between the parties was executed in 2008.  Therefore the time period requested is neither overly broad nor irrelevant.  Xie should be ordered to provide a full and complete answer.

**INTERROGATORY NO. 10:**

> **INTERROGATORY NO. 10:**
>
> Please state the dates of all travel to the United States or Canada during 2011 and 2012, whether such travel was primarily for business or personal reasons.
>
> **ANSWER:**   Xie objects on the grounds that his travel to the United States or Canada for personal reasons is not relevant to the subject matter of this action. Without waiving any general or specific objections made above, Xie states that he traveled to the United States or Canada for business on the following dates: April 24 to May 2011; October 15 to October 30, 2011; January 25 to January 28, 2012; April 30 to May 3, 2012.

**ARGUMENT:**   Mr. Xie's travel to the United States is highly relevant given his unavailability to the Court and to counsel over the course of this litigation.  Xie made specific representations to the Court during 2012 concerning the rarity of his travel to North America.  Plaintiff is entitled to test those statements.  Moreover, this case involves claims that Mr. Xie and his related entities have misappropriated plaintiff's trade secrets and violated non-competition agreements in selling protected products to North America customers directly.  The dates of travel are highly probative.

## CONCLUSION

The Answers to Interrogatories supplied by Mr. Xie are, as a whole, either intentionally or negligently incomplete, inconsistent, and misleading.  Some are admittedly not fully answered, others refer to "other" answers that do not exist, and despite request of

counsel, *none* have been amended.  Despite prompting from counsel, no properly *signed*

answers have been provided.  Mr. Xie's response to basic discovery requests is disturbingly

deficient under the Rules.

For these reasons, plaintiff requests that the Court grant its *Motion to Compel,* that

Xie's objections be stricken, that the Court Order Xie to render full, complete, and properly

executed Answers to Interrogatories within twenty (20) days, and that Quick Fitting be

awarded the costs and reasonable attorneys' fees it has necessarily incurred in bringing this

Motion.

## LR Cv 7(e) Statement

Pursuant to Local Rule Cv 7(e), Quick Fitting states that it believes that oral argument

concerning this Motion to Compel will be necessary.

## Rule 37(a)(2)(A) Certification

The undersigned certifies that he has in good faith attempted to confer with opposing

counsel concerning the matters contained herein so as to avoid the necessity of court

intervention, without success.

/s/ Thomas R. Noel

Date: March 8, 2013                    **QUICK FITTING, INC.**

By Its Attorneys,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL LAW
200 Hope Street
Providence, RI 02906
401-272-7400
401-621-5688 (Facsimile)
TNoel@LawNoel.com
JRHarrington@LawNoel.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2013, I served a copy of the foregoing via the Court's Electronic Case Filing (ECF) system, upon:

Timothy Cornell, Esq.                 Joseph Quinn, Esq.
Mueller Law Group PLLC                QUINN LAW LLC
130 Trescott Rd.                      120 Wayland Ave., Suite 5
Etna, NH 03750                        Providence, RI 02906

                                      /s/ Thomas R. Noel