IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| QUICK FITTING, INC. | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CA No. 11-463-L |
| | : | |
| ZHEJIANG XINGXIN AITE | : | |
|   COPPER MFG. CO. LTD., | : | |
| QIFU XIE a/k/a "FRANK" XIE, | : | |
| FORLAND INTERNATIONAL | : | |
|   TRADING CO., LTD., | : | |
| YORHE FLUID INTELLIGENT | : | |
|   CONTROL CO., LTD., | : | |
|   and Unknown John Doe | : | |
| Individuals and/or Entities | : | |
|     Defendants | : | |

**PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND THINGS FROM
DEFENDANTS QIFU XIE AND ZHEJIANG XINGXIN COPPER MFG. CO. LTD.**

    Pursuant to Rule 37 of the Federal Rules of Civil Procedure, plaintiff Quick Fitting, Inc. ("Quick Fitting"), moves to compel defendants Qifu Xie ("Xie") and Zhejiang Xingxin Aite Copper Mfg. Co. Ltd. ("XXAT") to render full, complete, *and properly executed* Answers to Interrogatories and to produce all documents and things responsive to plaintiff's Requests for Production propounded upon XXAT on October 27, 2012.

    Plaintiff served a Request for Production of Documents on defendants Qifu Xie ("Xie") and XXAT on October 27, 2012.  On or about November 21, 2012, local counsel for both Xie and XXAT disclosed to counsel for the plaintiff for the first time that Mr. Xie had left XXAT more than one year earlier, as of November 1, <u>2011</u>, just weeks after plaintiff had commenced this action.  Nevertheless, despite the purported separation of XXAT and Mr. Xie more than a year earlier, XXAT and Mr. Xie served a joint Response to the plaintiff's Requests for Production.  In many of their Responses, the defendants state that they will

- 2 -

produce responsive documents. They have not. Additionally, many of the Responses refer to unspecified "general objections," but there are no "general objections" contained anywhere in the Response document. Any reference to and purported reliance on "general objections" must be stricken. For ease of reference, a full and accurate copy of Mr. Xie's and XXAT's joint Response is attached hereto as Exhibit A.

Plaintiff seeks an order as to each of its Requests – that XXAT and Mr. <u>each</u> be ordered to make a full, complete production of documents within 20 days.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

> REQUEST NO.1: All documents used, considered, or relied upon by XXAT and/or Xie in preparing responses and/or objections to Quick Fitting's Interrogatories.
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** No "general objections" were stated in XXAT and Xie's joint Response. XXAT and Xie have simply failed to provide documents responsive to this Request.

### REQUEST NO. 2

> REQUEST NO.2: All email, correspondence, and communications exchanged between XXAT and/or Xie and Quick Fitting at any time prior to the commencement of this litigation, together with all documents and things exchanged with each such email, correspondence, or communication.
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." Aside from selected emails provided in

their Initial Disclosures, neither XXAT nor Xie has produced documents responsive to this Request.

### REQUEST NO. 3

> REQUEST NO.3: Documents sufficient to evidence the legal or ownership relationship, if any, between XXAT and:
> a. Zhejiang Yonghe Sanitation Co. Ltd.;
> b. Yorhe Fluid Intelligent Control Co., Ltd.
> c. Yonghe Valve
>
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they respond herein to this request.

**ARGUMENT:** The response that Xie and XXAT "respond herein to this request," is both cryptic and false. Xie and XXAT have not provided *any* documents responsive to this Request. This is notable given that the defendants waited a full year to disclose to plaintiff (and perhaps to their own counsel), that XXAT had, just weeks after this action was commenced, entered into some sort of asset sale with Yorhe Fluid Intelligent Control Co., Ltd. Defendants XXAT and Mr. Xie even proffered an "opinion" from legal counsel in China arguing the effects of the asset sale to Yorhe Fluid, now a defendant in this action, which coincided with Mr. Xie's leaving XXAT and joining Yorhe Fluid. There is no excuse for not producing materials that they intended to rely upon for a legal position taken before this court, and that are so directly relevant to the claims and defenses in this action.

## REQUEST NO. 4

> REQUEST NO.4: Documents sufficient to evidence any employment or agency relationship, if any, between Mr. Xie and:
> a. Zhejiang Yonghe Sanitation Co. Ltd.;
>
> b. Yorhe Fluid Intelligent Control Co., Ltd.; and
>
> c. Yonghe Valve Co.
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." XXAT and Xie simply failed to provide documents responsive to this Request. As above, these documents are critical to evidence the true relationship between these defendants.

## REQUEST NO. 5

> REQUEST NO.5: Documents sufficient to evidence all travel by Mr. Xie to the United States and/or Canada during 2012 including the dates or duration of all visits or stays in the United States and/or Canada during 2012.
>
> RESPONSE: XXAT and Mr. Xie object to this request on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that Quick Fitting has asked Mr. Xie in its first set of interrogatories for the dates of his travel to the U.S. and/or Canada and he has so provided.

**ARGUMENT:** Mr. Xie's travel to the United States is highly relevant given his unavailability to the Court and to counsel over the course of this litigation. Mr. Xie made specific representations to the Court during 2012 concerning the rarity of his travel to North America. Yet plaintiff has evidence of several trips to the United States. Moreover, in response to plaintiff's Interrogatory No. 11 concerning the identification of XXAT personnel who attended a major trade show in Chicago in January 2012, XXAT identified Mr. Xie.

XXAT's claim that producing these documents would be unduly burdensome only serves to undercut its claim that XXAT and Mr. Xie severed ties in November 2011.

### REQUEST NO. 6

> REQUEST NO.6: All email, correspondence, and communications exchanged between XXAT and/or Xie and Mueller Industries at any time concerning push-fit plumbing products or concerning establishing a relationship with Mueller Industries, together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

### REQUEST NO. 7

> REQUEST NO.7: All email, correspondence, and communications exchanged between XXAT and/or Xie and HG Spec, Inc. at any time concerning push-fit plumbing products or concerning establishing a relationship with HG Spec, Inc., together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

## REQUEST NO. 8

> REQUEST NO.8: All email, correspondence, and communications exchanged between XXAT and/or Xie and BrassCraft Mfg. Co. at any time concerning push-fit plumbing products or concerning establishing a relationship with BrassCraft Mfg. Co., together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:**   There were no "general objections."   Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

## REQUEST NO. 9

> REQUEST NO.9: All email, correspondence, and communications exchanged between XXAT and/or Xie and Nibco Inc. at any time concerning push-fit plumbing products or concerning establishing a relationship with Nibco, Inc., together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:**    There were no "general objections."   Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

## REQUEST NO. 10

> REQUEST NO. 10: All email, correspondence, and communications exchanged between XXAT and/or Xie and Sioux Chief Manufacturing at any time concerning push-fit plumbing products or concerning establishing a relationship with Sioux Chief Manufacturing, together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

## REQUEST NO. 11

> REQUEST NO. 11: All email, correspondence, and communications exchanged between XXAT and/or Xie and Flair-It at any time concerning push-fit plumbing products or concerning establishing a relationship with Flair-It, together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." XXAT and Xie have simply failed to provide documents responsive to this Request.

## REQUEST NO. 12

> REQUEST NO. 12: All email, correspondence, and communications exchanged between XXAT and/or Xie and Noble at any time concerning push-fit plumbing products or concerning establishing

> a relationship with Noble, together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request

**ARGUMENT:** There were no "general objections." Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

## REQUEST NO. 13

> REQUEST NO. 13: All email, correspondence, and communications exchanged between XXAT and/or Xie and Rona Inc. at any time concerning push-fit plumbing products or concerning establishing a relationship with Rona, Inc., together with all documents and things exchanged with each such email, correspondence, or communication.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request

**ARGUMENT:** There were no "general objections." Except for a few selected emails provided with Initial Disclosures, XXAT and Xie have failed to provide documents responsive to this Request.

## REQUEST NO. 14

> REQUEST NO. 14: All documents, email, correspondence, and communications exchanged between XXAT and/or Xie and the International Association of Plumbing and Mechanical Officials as "IAPMO"), and all submissions to IAPMO, at any time concerning push-fit plumbing products.
>
> RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." XXAT and Xie have simply failed to provide any documents responsive to this Request.

### REQUEST NO.15

> REQUEST NO. 15: For inspection and analysis, the original document titled "Supplement's [sic] agreement [sic] for Assignment of Patent Application and Inventions" purportedly executed by XXAT and Mr. Xie on February 17, 2009, and by Quick Fitting on March 6, 2009, and copies of all emails, correspondence, and facsimile transmissions of or concerning that document exchanged between XXAT and Quick Fitting.
>
> RESPONSE: XXAT and Mr. Xie object on the grounds that the request is burdensome and repetitive in that it requests documents within the scope of other requests and is not reasonably calculated to lead to admissible evidence. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** The authenticity of the specific document requested is disputed by the parties in this litigation. XXAT has failed to produce it. Defendants' assertion that the request is irrelevant is ridiculous. XXAT refers to and incorporates the purported contract in its Counterclaim against the plaintiff. XXAT and Xie's objection that producing a single document could be "unduly burdensome" also strains credulity. XXAT cannot credibly complain that this request is repetitive of other requests when it has not responded to any of them.

### REQUEST NO.16

> REQUEST NO. 16: All documents concerning or evidencing XXAT's claim of ownership or rights under the Chinese Patent described by XXAT in its Amended Counterclaim as "New Pattern of Fast Pipe Structure, China Intellectual Property Office Number 200820122097.3" (hereinafter referred to herein as "Pat. 200820122097.3").

**ARGUMENT:** To Request No. 16, XXAT and Xie did not even issue a written response. There is no response or objection to Request No 16 anywhere in XXAT or Xie's Responses, and no documents were produced as responsive to this Request.

### REQUEST NO. 17

> REQUEST NO. 17: A copy of Pat. 200820122097.3 and, if they exist, all English translations thereof.
>
> RESPONSE: XXAT and Quick Fitting object on the grounds that the request is not relevant nor reasonably calculated to lead to admissible evidence. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** XXAT has failed to provide the requested documents. Any claim that the Request is not reasonably calculated to lead to admissible evidence is belied by the fact that XXAT refers to and incorporates the purported Chinese patent in its Counterclaims against the plaintiff in its claim that plaintiff simply wants to "grab the technology XXAT developed in China." *See* e.g., Amended Answer and Counterclaim, Docket Document #37 ¶¶ 1, 8-9.

### REQUEST NO. 18

> REQUEST NO. 18: All patents owned by or assigned to XXAT and/or Xie anywhere in the world that concern push-fit technology.
>
> RESPONSE: XXAT and Quick Fitting object on the grounds that the request is not relevant nor reasonably calculated to lead to admissible evidence. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request in XXAT or Mr. Xie's possession.

**ARGUMENT:** XXAT has failed to provide the requested documents. Any claim that the Request is not reasonably calculated to lead to admissible evidence is belied by the fact that XXAT refers to and incorporates the purported Chinese patent in its Counterclaims against

the plaintiff in its claim that plaintiff simply wants to "grab the technology XXAT developed in China." *See* e.g., Amended Answer and Counterclaim, Docket Document #37 ¶¶ 1, 8-9.

### REQUEST NO. 19

> REQUEST NO. 19: All documents that evidence, memorialize, record or support XXAT's claims against Quick Fitting in this litigation.
>
> RESPONSE: XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** XXAT has brought counterclaims against the plaintiff. A request for documents that support those counterclaims is not a call for anyone to make legal conclusions. Additionally, XXAT and Xie will be required to list and provide such documents in compliance with the Court's PreTrial Order. Despite this, XXAT and Xie have not produced any documents responsive to this Request.

### REQUEST NO. 20

> REQUEST NO. 20: All documents including correspondence and communications exchanged between you or your agents and any third party concerning this litigation or any claims or defenses at issue in this litigation at any time.
>
> RESPONSE: XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** The Request does not require anyone to make legal conclusions. It calls for communications with third parties concerning this litigation. XXAT has simply failed to provide requested documents.

## REQUEST NO. 24

> REQUEST NO. 24: All documents and things you were called upon to identify in your interrogatory answers, to the extent not already produced in response to these Requests, and all documents utilized or relied upon to formulate your answers to interrogatories, to the extent not already produced in response to these Requests.
>
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There are no "general objections." XXAT has simply failed to provide the requested documents.

## REQUEST NO. 25

> REQUEST NO. 25: Each and every document upon which XXAT bases the calculation of all damages it alleges were caused by Quick Fitting.
> RESPONSE: XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** XXAT has provided limited documents related to shipments of certain products to the plaintiff, but failed to fully respond to this request and to provide any documentation related to Counts I, II, V, and VII of its Counterclaims.

## REQUEST NO. 27

> REQUEST NO. 27: Copies of each and every document referenced by XXAT in paragraphs 31 through 35 and paragraphs 37 through 39 of its Amended Counterclaim.
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** XXAT provided limited documentation evidencing some of its allegations. However, XXAT has not produced additional documents referenced in its counterclaim.

### REQUEST NOS. 28 and 29

> **REQUEST NO. 28:** All documents that evidence or constitute price quotes submitted by XXAT to the following entities for any push-fit product since January 1, 2008:
>
> a. Mueller Industries; e. Sioux Chief Manufacturing;
>
> b. HG Spec, Inc.; f. Flair-It
>
> c. BrassCraft Mfg. Co.; g. Noble; and
>
> d. Nibco Inc.; h. Rona Inc.
>
> **RESPONSE:** XXAT objects on the grounds that the request is not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

> **REQUEST NO. 29:** Documents sufficient to evidence, on a calendar year or quarterly basis, all sales of push-fit plumbing products by XXAT for each year since January 1, 2008, to the following entities:
>
> a. Mueller Industries; e. Sioux Chief Manufacturing;
>
> b. HG Spec, Inc.; f. Flair-It
>
> c. BrassCraft Mfg. Co.; g. Noble; and
>
> d. Nibco Inc.; h. Rona Inc.
>
> **RESPONSE:** XXAT objects on the grounds that the request is not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT FOR REQUEST NOS. 28 and 29:** The plaintiff alleges in this action that defendants XXAT and Xie have and are wrongfully quoting and selling products that contain

and were developed from plaintiff's trade secrets in order to compete with the plaintiff, all of which is clearly prohibited by a series of written agreements between the parties. The requested documents are directly relevant to those claims. XXAT and Xie are attempting to hide behind a baseless objection, and have produced no documents responsive to this Request.

**REQUEST NOS. 30, 31, and 32**

> REQUEST NO. 30: All documents comprising product orders taken by XXAT and sales receipts for push-fit products sold at or as a result of the AHR Expo show in Chicago, Illinois in January 2012.
>
> RESPONSE: XXAT objects on the grounds that the request is ambiguous, not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

> REQUEST NO. 31: All documents comprising product orders taken by XXAT and sales receipts for push-fit products sold at or as a result of the KBIS ("Kitchen and Bath Industry") Show in Chicago, Illinois in April 2012.
>
> RESPONSE: XXAT objects on the grounds that the request is ambiguous, not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

> REQUEST NO. 32: A copy of each and every piece of advertising or promotional material distributed in the United States or Canada at any time since January 1, 2008 featuring or depicting push-fit plumbing products sold or offered for sale by XXAT.
>
> RESPONSE: XXAT objects on the grounds that the request is ambiguous, not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT FOR REQUEST NOS. 30, 31, and 32:** XXAT and Xie fail to state how

these Requests are "ambiguous" in any way. The plaintiff alleges in this action that defendants XXAT and Xie have and are wrongfully quoting and selling products that contain and were developed from plaintiff's trade secrets in order to compete with the plaintiff, all of which is clearly prohibited by a series of written agreements between the parties. The requested documents are directly relevant to those claims. XXAT and Xie are attempting to hide behind a baseless objection, and have produced no documents responsive to this Request.

### REQUEST NO. 33

> REQUEST NO. 33: All insurance policies, and all documents relating to any insurance policy under which an insurance provider may be liable for any or all of the damages, fees, costs or other payments associated with this lawsuit, including but not limited to correspondence between you or your agents and the insurance provider.
> RESPONSE: XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** The Request seeks policies under which an insurer *may* be liable. No legal conclusions are necessary. XXAT and Xie are simply hiding behind a baseless objection and have failed to provide requested documents.

### REQUEST NO. 34

> REQUEST NO. 34: All photographs, videos, spectrographic and other images captured or stored electronically or on any tangible medium of or depicting the molds and tooling that are the subject of the Exclusive Agreement for Mold and Tooling executed by the parties and dated December 2008.

**ARGUMENT:** XXAT and Xie failed to provide even a *written* response to this Request, and have provided no materials responsive to it.

### REQUEST NOS. 35, 36, and 37

> REQUEST NO. 35: Documents concerning all tests, inspections, measurements, and analyses performed on the molds and tooling that are the subject of the Exclusive Agreement for Mold and Tooling executed by the parties and dated December 2008.
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

> REQUEST NO. 36: Please produce the molds and tooling that are the subject of the Exclusive Agreement for Mold and Tooling executed by the parties and dated December 2008, and all copies, replacements, and derivatives thereof.
> RESPONSE: Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

> REQUEST NO. 37: All documents, including drafts, concerning all investigations, studies, examinations, or testing of the products at issue in this litigation following Quick Fitting's notice to XXAT that some products were defective.
> RESPONSE: Without waiving any general objections stated above or accepting Quick Fitting's premise that some products were defective, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT FOR REQUEST NOS. 35, 36 and 37:** There were no "general objections." XXAT and Xie have simply failed to provide the requested documents.

## REQUEST NO. 38

> REQUEST NO. 38: All documents evidencing XXAT's statement in paragraph 17 of its Amended Counterclaim that XXAT "quickly analyzed the problem and worked to resolve the problem" as reported by Quick Fitting on or about July 29, 2010.
> RESPONSE: Without waiving any general objections stated above or accepting Quick Fitting's premise that some products were defective, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** This Requests seeks any documents that evidence a statement made by XXAT in a pleading. There were no "general objections." XXAT and Xie have simply failed to provide the requested documents.

## REQUEST NO. 39

> REQUEST NO. 39: All documents evidencing any tooling developed by XXAT to rework the defective products reported by Quick Fitting on or about July 29, 2010.
> RESPONSE: Without waiving any general objections stated above or accepting Quick Fitting's premise that some products were defective, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

**ARGUMENT:** There were no "general objections." XXAT and Xie have simply failed to provide the requested documents.

## CONCLUSION

For these reasons, plaintiff requests that the Court grant its *Motion to Compel,* that XXAT and Mr. Xie's objections be stricken, that the Court Order XXAT and Mr. Xie each to make a full and complete production of documents and things responsive to the above Requests within twenty (20) days, and that Quick Fitting, Inc. be awarded the costs and reasonable attorneys' fees it has necessarily incurred in bringing this Motion.

**LR Cv 7(e) Statement**

Pursuant to Local Rule Cv 7(e), Quick Fitting states that it believes that oral argument concerning this Motion to Compel will be necessary.

**Rule 37(a)(2)(A) Certification**

The undersigned certifies that he has in good faith attempted to confer with opposing counsel concerning the matters contained herein so as to avoid the necessity of court intervention, without success.

/s/ Thomas R. Noel


Date: March 8, 2013

**QUICK FITTING, INC.**
By Its Attorneys,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL LAW
200 Hope Street
Providence, RI 02906
401-272-7400
401-621-5688 (Facsimile)
TNoel@LawNoel.com
JRHarrington@LawNoel.com


**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2013, I served a copy of the foregoing via the Court's Electronic Case Filing (ECF) system, upon:

| | |
|---|---|
| Timothy Cornell, Esq. | Joseph Quinn, Esq. |
| Mueller Law Group PLLC | QUINN LAW LLC |
| 130 Trescott Rd. | 120 Wayland Ave., Suite 5 |
| Etna, NH 03750 | Providence, RI 02906 |

/s/ Thomas R. Noel

TRN