**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| QUICK FITTING, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>XXAT, QiFu "Frank" Xie,<br><br>    Defendant. | No. 2:11-00463<br><br>DEFENDANTS XXAT AND MR. XIE'S RESPONSE TO PLAINTIFF QUICK FITTING'S FIRST DISCOVERY REQUESTS |

REQUEST NO.1: All documents used, considered, or relied upon by XXAT and/or Xie in preparing responses and/or objections to Quick Fitting's Interrogatories.

RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO.2: All email, correspondence, and communications exchanged between XXAT and/or Xie and Quick Fitting at any time prior to the commencement of this litigation, together with all documents and things exchanged with each such email, correspondence, or communication.

RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO.3: Documents sufficient to evidence the legal or ownership relationship, if any, between XXAT and:
a. Zhejiang Yonghe Sanitation Co. Ltd.;

b. Yorhe Fluid Intelligent Control Co., Ltd.

c. Yonghe Valve

RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they respond herein to this request.

REQUEST NO.4: Documents sufficient to evidence any employment or agency relationship, if any, between Mr. Xie and:

a. Zhejiang Yonghe Sanitation Co. Ltd.;

b. Yorhe Fluid Intelligent Control Co., Ltd.; and

c. Yonghe Valve Co.

RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO.5: Documents sufficient to evidence all travel by Mr. Xie to the United States and/or Canada during 2012 including the dates or duration of all visits or stays in the United States and/or Canada during 2012.

RESPONSE:   XXAT and Mr. Xie object to this request on the grounds that it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that Quick Fitting has asked Mr. Xie in its first set of interrogatories for the dates of his travel to the U.S. and/or Canada and he has so provided.

REQUEST NO.6: All email, correspondence, and communications exchanged between XXAT and/or Xie and Mueller Industries at any time concerning push-fit plumbing products or concerning establishing a relationship with Mueller Industries, together with all documents and things exchanged with each such email, cOlTespondence, or communication.

RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO.7: All email, correspondence, and communications exchanged between XXAT and/or Xie and HG Spec, Inc. at any time concerning push-fit plumbing products or concerning establishing a relationship with HG Spec, Inc., together with all documents and things exchanged with each such email, correspondence, or communication.

RESPONSE: Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO.8: All email, correspondence, and communications exchanged between XXAT and/or Xie and BrassCraft Mfg. Co. at any time concerning push-fit plumbing products or concerning establishing a relationship with BrassCraft Mfg. Co., together with all documents and things exchanged with each such email, correspondence, or communication.
RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO.9: All email, correspondence, and communications exchanged between XXAT and/or Xie and Nibco Inc. at any time concerning push-fit plumbing products or concerning establishing a relationship with Nibco, Inc., together with all documents and things exchanged with each such email, correspondence, or communication.
RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 10: All email, correspondence, and communications exchanged between XXAT and/or Xie and Sioux Chief Manufacturing at any time concerning push-fit plumbing products or concerning establishing a relationship with Sioux Chief Manufacturing, together with all documents and things exchanged with each such email, correspondence, or communication.
RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 11: All email, correspondence, and communications exchanged between XXAT and/or Xie and Flair-It at any time concerning push-fit plumbing products or concerning establishing a relationship with Flair-It, together with all documents and things exchanged with each such email, correspondence, or communication.
RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 12: All email, correspondence, and communications exchanged between XXAT and/or Xie and Noble at any time concerning push-fit plumbing products or concerning establishing

a relationship with Noble, together with all documents and things exchanged with each such email,

correspondence, or communication.
RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request

REQUEST NO. 13: All email, correspondence, and communications exchanged between XXAT

and/or Xie and Rona Inc. at any time concerning push-fit plumbing products or concerning

establishing a relationship with Rona, Inc., together with all documents and things exchanged with

each such email, correspondence, or communication.
RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request

REQUEST NO. 14: All documents, email, correspondence, and communications exchanged

between XXAT and/or Xie and the International Association of Plumbing and Mechanical Officials

as "IAPMO"), and all submissions to IAPMO, at any time concerning push-fit plumbing products.


RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.


REQUEST NO. 15: For inspection and analysis, the original document titled "Supplement's [sic]

agreement [sic] for Assignment of Patent Application and Inventions" purportedly executed by

XXAT and Mr. Xie on February 17, 2009, and by Quick Fitting on March 6, 2009, and copies of all

emails, correspondence, and facsimile transmissions of or concerning that document exchanged

between XXAT and Quick Fitting.

RESPONSE:   XXAT and Mr. Xie object on the grounds that the request is burdensome and repetitive in that it requests documents within the scope of other requests and is not reasonably calculated to lead to admissible evidence. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 16: All documents concerning or evidencing XXAT's claim of ownership or rights under the Chinese Patent described by XXAT in its Amended Counterclaim as "New Pattern of Fast Pipe Structure, China Intellectual Property Office Number 200820122097.3" (hereinafter referred to herein as "Pat. 200820122097.3").

REQUEST NO. 17: A copy of Pat. 200820122097.3 and, if they exist, all English translations thereof.

RESPONSE:   XXAT and Quick Fitting object on the grounds that the request is not relevant nor reasonably calculated to lead to admissible evidence. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 18: All patents owned by or assigned to XXAT and/or Xie anywhere in the world that concern push-fit technology.

RESPONSE:   XXAT and Quick Fitting object on the grounds that the request is not relevant nor reasonably calculated to lead to admissible evidence. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request in XXAT or Mr. Xie's possession.

REQUEST NO. 19: All documents that evidence, memorialize, record or support XXAT's claims against Quick Fitting in this litigation.

RESPONSE:   XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 20: All documents including correspondence and communications exchanged between you or your agents and any third party concerning this litigation or any claims or defenses at issue in this litigation at any time.
RESPONSE:   XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions.   Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 21: All documents including correspondence and communications exchanged with

each person you expect to call as a witness in this matter and all documents provided to each such person by you.

RESPONSE:   Without waiving any general objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 22: All reports, opinions, statements, correspondence, communications, notes, and memoranda by or from any person or entity that support or undermine Quick Fitting's claims in this litigation.

RESPONSE:   XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions.   Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 23: All reports, opinions, statements, correspondence, communications, notes, and memoranda by or from any person or entity that support or undermine XXAT's claims in this litigation.

REQUEST:   XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 24: All documents and things you were called upon to identify in your interrogatory answers, to the extent not already produced in response to these Requests, and all documents utilized or relied upon to formulate your answers to interrogatories, to the extent not already produced in response to these Requests.

RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 25: Each and every document upon which XXAT bases the calculation of all damages it alleges were caused by Quick Fitting.

RESPONSE:   XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably

diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 26: All invoices to Quick Fitting on which you claim money is owed to XXAT by

Quick Fitting.
RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 27: Copies of each and every document referenced by XXAT in paragraphs 31

through 35 and paragraphs 37 through 39 of its Amended Counterclaim.
RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.


REQUEST NO. 28: All documents that evidence or constitute price quotes submitted by XXAT to

the following entities for any push-fit product since January 1, 2008:
a. Mueller Industries; e. Sioux Chief Manufacturing;

b. HG Spec, Inc.; f. Flair-It

c. BrassCraft Mfg. Co.; g. Noble; and

d. Nibco Inc.; h. Rona Inc.

RESPONSE:   XXAT objects on the grounds that the request is not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 29: Documents sufficient to evidence, on a calendar year or quarterly basis, all sales

of push-fit plumbing products by XXAT for each year since January 1, 2008, to the following

entities:

a. Mueller Industries; e. Sioux Chief Manufacturing;

b. HG Spec, Inc.; f. Flair-It

c. BrassCraft Mfg. Co.; g. Noble; and

d. Nibco Inc.; h. Rona Inc.

RESPONSE:   XXAT objects on the grounds that the request is not relevant to the issues in the

complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 30: All documents comprising product orders taken by XXAT and sales receipts for push-fit products sold at or as a result of the AHR Expo show in Chicago, Illinois in January 2012.

RESPONSE:   XXAT objects on the grounds that the request is ambiguous, not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 31: All documents comprising product orders taken by XXAT and sales receipts for push-fit products sold at or as a result of the KBIS ("Kitchen and Bath Industry") Show in Chicago, Illinois in April 2012.
RESPONSE:   XXAT objects on the grounds that the request is ambiguous, not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 32: A copy of each and every piece of advertising or promotional material distributed in the United States or Canada at any time since January 1, 2008 featuring or depicting push-fit plumbing products sold or offered for sale by XXAT.
RESPONSE:   XXAT objects on the grounds that the request is ambiguous, not relevant to the issues in the complaint and not calculated to lead to admissible evidence. Without waiving any general or specific objections stated above, and contingent upon narrowing of these issues, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 33: All insurance policies, and all documents relating to any insurance policy under which an insurance provider may be liable for any or all of the damages, fees, costs or other payments associated with this lawsuit, including but not limited to correspondence between you or your agents and the insurance provider.
RESPONSE:   XXAT and Mr. Xie object on the grounds that the request calls for legal conclusions. Without waiving any general or specific objections stated above and after resolution of such

objections, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 34: All photographs, videos, spectrographic and other images captured or stored electronically or on any tangible medium of or depicting the molds and tooling that are the subject of the Exclusive Agreement for Mold and Tooling executed by the parties and dated December 2008.

REQUEST NO. 35: Documents concerning all tests, inspections, measurements, and analyses performed on the molds and tooling that are the subject of the Exclusive Agreement for Mold and Tooling executed by the parties and dated December 2008.
RESPONSE:    Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 36: Please produce the molds and tooling that are the subject of the Exclusive

Agreement for Mold and Tooling executed by the parties and dated December 2008, and all copies,

replacements, and derivatives thereof.
RESPONSE:   Without waiving any general objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.


REQUEST NO. 37: All documents, including drafts, concerning all investigations, studies,

examinations, or testing of the products at issue in this litigation following Quick Fitting's notice to

XXAT that some products were defective.
RESPONSE:   Without waiving any general objections stated above or accepting Quick Fitting's premise that some products were defective, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.


REQUEST NO. 38: All documents evidencing XXAT's statement in paragraph 17 of its Amended

Counterclaim that XXAT "quickly analyzed the problem and worked to resolve the problem" as

reported by Quick Fitting on or about July 29,2010.
RESPONSE:   Without waiving any general objections stated above or accepting Quick Fitting's premise that some products were defective, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 39: All documents evidencing any tooling developed by XXAT to rework the

defective products reported by Quick Fitting on or about July 29,2010.
RESPONSE:   Without waiving any general objections stated above or accepting Quick Fitting's premise that some products were defective, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request.

REQUEST NO. 40: All documents, including drafts, created by any person, that evidence or

constitute the opinions, advice, reports, or studies of any expert consulted or retained by Xie or

XXA T concerning any product or issue in this litigation.
RESPONSE:   XXAT and Mr. Xie object on the grounds that Quick Fitting seeks premature discovery of expert testimony.   Without waiving any general or specific objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request when such disclosure is timely.

REQUEST NO. 41: All documents relating to any experts you have consulted in connection with this lawsuit, including but not limited to documents supplied by you to such expelis, all documents supplied by such experts to you, and the reports of any expert witnesses you intend to call at the trial of this action.
RESPONSE: XXAT and Mr. Xie object on the grounds that Quick Fitting seeks premature discovery of expert testimony.   Without waiving any general or specific objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request when such disclosure is timely.

REQUEST NO. 42: All documents that you intend to introduce at the trial of this matter.
RESPONSE:   XXAT and Mr. Xie object on the grounds that Quick Fitting seeks premature discovery of trial evidence.   Without waiving any general or specific objections stated above, XXAT and Mr. Xie state that they will, to the best of their ability and after a reasonably diligent search, produce responsive, nonprivileged documents pursuant to this request when such disclosure is timely.

Date: November 30, 2012     Sworn under penalty of perjury that the above Responses are true and complete to the best of his knowledge by his attorney on November 30, 2012,

_/s/ Timothy Cornell_____
Timothy Cornell
Mueller Law Group PLLC
130 Trescott Rd.
Etna, NH 03750
(603) 277-0838
Timothy.cornell@muellerlaw.com
Attorney(s) for Plaintiff