**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| QUICK FITTING, INC. | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CA No. 11-463-L |
| | : | |
| ZHEJIANG XINGXIN AITE | : | |
|   COPPER MFG. CO. LTD., | : | |
| QIFU XIE a/k/a "FRANK" XIE, | : | |
| FORLAND INTERNATIONAL | : | |
|   TRADING CO., LTD., | : | |
| YORHE FLUID INTELLIGENT | : | |
|   CONTROL CO., LTD., | : | |
|   and Unknown John Doe | : | |
|   Individuals and/or Entities | : | |
|     Defendants | : | |

**PLAINTIFF'S OBJECTION AND RESPONSE TO COUNSELS'
MOTION TO WITHDRAW FROM THE REPRESENTATION OF
DEFENDANT QIFU XIE**

Plaintiff, Quick Fitting, Inc. ("Quick Fitting"), objects to the *Motion to Withdraw as Counsel of Record Without Substitution for Defendant QiFu "Frank" Xie* (Dkt. 51, the "*Motion*"), filed by Mr. Xie's current legal counsel, Timothy Cornell and Joseph Quinn ("Xie's Counsel"). Withdrawal of counsel would leave Mr. Xie *unrepresented in this matter,* and would prejudice the plaintiff in its pursuit of its claims. Counsels' *Motion* is also, in and of itself, deficient under the Rules. Quick Fitting requests that the Court deny the *Motion to Withdraw, for the present time,* for the reasons stated herein.[1]

**I.  INTRODUCTION.**

Counsel may unilaterally withdraw from representation in a case in litigation only if no motions are pending before the court and the withdrawal is "accompanied by an entry of

---

[1] Xie's Counsel filed the *Motion to Withdraw* on March 25, 2013. *Three days later*, on March 28. 2013, the Court issued an Order granting the motion (Dkt. 58). (The NEF for the motion had listed a Response Date of April 11.) Plaintiff immediately notified the Court by email that it intended to file an objection and to request a hearing nonetheless.

appearance by successor counsel." Local Rule Gen. 206(e)(1). Neither condition exists here. Motions are pending, and there is no successor counsel for Mr. Xie. Successor counsel has entered an appearance, but as counsel for co-defendant Zhejiang Xingxin Aite Copper Mfg. Co. Ltd. ("XXAT") only. [2] There has been no entry of appearance of successor counsel for Mr. Xie, and current counsel has not identified anyone who will enter.

Xie's current counsel therefore cannot withdraw without the permission of the Court. In requesting the Court's permission, counsel seeking to withdraw must file a motion with particular certifications and information, including:

> (C) The client's current address and a representation that counsel has made a reasonable effort to confirm that notices sent to that address are likely to be received by the client; and,
>
> (D) A description of any motions or other matters pending in the case and a statement regarding the anticipated trial date.

Local Rule Gen. 206(e)(2)(C) – (D). Mr. Xie's counsel has not satisfied these requirements.

## II.   ARGUMENT.

### 1. There is No Successor Counsel for Mr. Xie, and Counsel Failed to Provide a Reliable Address or Proper Certification.

Counsel provided, for Mr. Xie's "current address,"[3] what counsel termed Mr. Xie's "work address." (*Certification of Notice*, Dkt. 51-1, p. 1). The address listed on the Certification of Notice as Mr. Xie's "work address" is:

> Yorhe Fluid Intelligent Control Co. Ltd.,
> Qinggang Industrial Zone,
> Yuhuan, Zhejiang, China
> Post Code: 317606

Counsel has therefore provided an address for Mr. Xie "care of" the address of newly-named

---

[2]   Counsel seeking to withdraw have from the beginning of the case represented both XXAT and Mr. Xie.

[3]   *Local Rule Gen*. 206(e)(2)(C).

defendant Yorhe Fluid Intelligent Control Co., Inc. ("Yorhe").  This is the same address counsel identified as Mr. Xie's *residence* address in his Answers to Interrogatories:

> **INTERROGATORY NO.1**:
>
> Please state your full name and residence address in China and in the United States and Canada, if any, your title and all positions within XXAT at the time of the answers to these interrogatories and each such title and position held by you within XXAT at any time since January 1, 2008.
>
> **ANSWER**:   QiFu "Frank Xie, Qinggang Industrial Zone, Yuhuan, Zhejiang, China, 317606. Until November 1, 2011 , Mr. Xie was general manager of XXAT.

*See Motion to Compel*, (Dkt. 39), p. 2.  Yet it does *not* comport with the statement made in Mr. Xie's *Counterclaim* just weeks ago:

> Qi Fu "Frank" Xie is a citizen of China who resides in Beijing.

*See Answer and Counterclaim*, Dkt. 37, p. 14, ¶5.  Beijing is, upon information and belief, more than 1,000 miles away from Yuhuan, Zhejiang.

The identification of Mr. Xie's address is in fact at issue in plaintiff's pending *Motions to Compel*, described more fully below, and counsel's latest description of that address as *Yorhe's* address lends little comfort in the reliability of either.  Assuming that this is an address for Yorhe, Xie's Counsel is apparently suggesting that the parties and the court will contact Mr. Xie in the future through a co-defendant that may very well have cross-claims against Mr. Xie, and which *is itself* represented by counsel.  *See* Dkt. 43-44.

Notably, counsel in its *Motion to Withdraw* did *not* "represent[] that counsel has made a reasonable effort to confirm that notices sent to that address are likely to be received by" Mr. Xie.  In the *Motion to Withdraw*, Xie's Counsel state only that they informed Xie of their intent to withdraw by electronic and other mail on February 18, 2013.  (Dkt. 51, p. 2).  (They identify a different date - February 25, 2013 - in the *Certification of Notice*.  (Dkt. 51-1).)  In

both, they state that Xie responded to them through electronic mail. There is no representation as to whether the certified or regular mail sent to the Yorhe address ever reached Mr. Xie, or as to the viability of the *Yorhe address* for service of papers on Mr. Xie in the future. This is no small omission given Mr. Xie's central role in this matter, given the conflicting information supplied thus far, and given that the address most recently listed is that of a co-defendant.

### 2. There is No Successor Counsel for Mr. Xie, and Counsel, In Seeking Withdrawal, Incorrectly Recites the State of the Record.

In support of their *Motion to Withdraw,* Mr. Xie's counsel represent to the court that there is:

> *one pending motion* to compel more responsive answers to certain interrogatories propounded to Mr. Xie, *to which counsel has filed an opposition* ….

(*Motion To Withdraw*, Dkt. 51, p. 1, emphasis added). That representation is wrong in its entirety.

In fact, there were *several* motions pending at the time counsel filed its Motion to Withdraw. Due to actions of the Court in the days following the filing of the *Motion to Withdraw*, there are arguably *four* motions pending as of this filing. Plaintiff has *two motions to compel discovery* currently pending against Mr. Xie (one of which is also against XXAT),[4] and *another, separate* motion to compel pending against XXAT. (Dkt. 40). Additionally, Mr. Xie has pending a *Motion for Extension of Time to Respond to Plaintiff Quick Fitting's Motion[s] to Compel* (Dkt. 55).[5]

---

[4] *See* plaintiff's *Motion to Compel More Responsive Interrogatory Answers* from Xie (Dkt. 39) and plaintiff's *Motion to Compel Production of Documents and Things from Defendants Qifu Xie and Zhejiang Xingxin Aite Copper Mfg. Co. Ltd*. (Dkt. 41).

[5] The Court granted additional time in which defendant XXAT must respond to plaintiff's motions to

Further, the "opposition" cited positively in Xie's Counsels' *Motion to Withdraw* (Dkt. 51, p. 1) is nothing more than the *Motion for Extension of Time* raised in the preceding paragraph (Dkt. 55). It is not an "opposition" or an "objection" at all.[6] It contains *no substantive response whatsoever* to any point or portion of plaintiff's *Motions to Compel*. It is simply, as it is titled a "*Motion for Extension of Time*." Moreover, it unabashedly offers circular logic by relying on *this* motion seeking permission to withdraw:

> To afford Mr. Xie sufficient time to obtain successor counsel … and to allow that successor counsel time to review the case and respond accordingly, current counsel request an extension….

*See Xie's Motion for Extension of Time to Respond* (Dkt. 55), p. 1. Therefore, while in support of the *Motion to Withdraw* at issue here, counsel counts, incorrectly, just one pending motion to compel and relies partly on an "opposition" to that motion that is actually itself a motion for additional time. And, at the same time, the "opposition" (motion for additional time) relies on counsel's filing of *this* motion to withdraw. Such circularity of logic and argument cannot stand.

3. **Xie's Counsel Asks to Withdraw While Leaving Discovery Disputes Unresolved.**

Disregarding for the moment the number of motions pending and the substance of any opposition purportedly filed, Xie's counsel should not be permitted to withdraw until they have resolved present discovery disputes involving Mr. Xie.[7]

---

compel, (s*ee Text Order*, March 28, 2013, 4:03 p.m.), but has not done so with respect to Mr. Xie's motion for more time (Dkt. 55).

[6] Counsel for Xie had filed an *Opposition and Motion for Extension* (Dkt. 42), but withdrew it following plaintiff's protest concerning assertions contained in it that there had been no meet-and-confer.

[7] *See King v. NAIAD Inflatables of Newport, Inc*., 11 A.3d 64, 67 (R.I. 2010) (citing *Mills v. State Sales, Inc*., 824 A.2d 461, 469 (R.I. 2003) (the pendency of motions is a factor relevant to consideration of a motion to withdraw). Moreover, plaintiff has moved not only to compel basic discovery but also for Rule 37 sanctions, which, if assessed, can be assessed against a party or its counsel. Plaintiff of course makes no assumption about

Xie's interrogatory answers (and responses to document requests) were cursory, vague, internally inconsistent, included refusals to answer based on unilateral declarations of "irrelevance," and some used the deflection that Xie or XXAT had otherwise "herewith responded" when in fact they had not. *See Motions to Compel* (Dkt. Nos. 39 and 41). Those answers and responses were compiled by Xie's Counsel. Contrary to the Rules, the interrogatory answers were even executed *as to their substance* by Xie's Counsel:

> Date: November 30, 2012    Sworn under penalty of perjury that the above Responses are true and complete to the best of his knowledge by his attorney on November 30, 2012,
>
> /s/ Timothy Cornell
> Timothy Cornell
> Mueller Law Group PLLC
> 130 Trescott Rd.
> Etna, NH 03750
> (603) 277-0838
> Timothy.cornell@muellerlaw.com
> Attorney(s) for Plaintiff

*See* Dkt. 39-1. Moreover, counsel for Mr. Xie (*pro hac vice* counsel Mr. Cornell) had informed plaintiff's counsel both before and after the filing of the motions to compel that he had documents that he was "going through" and that he would be producing them. Counsel last turned over a group of documents on February 4, consisting of a couple of emails, one spreadsheet apparently compiled by counsel, and a series of purchase orders and invoices between XXAT and the plaintiff, each of which was selected and offered in support of specific points counsel sought to make. No general production was forthcoming despite the representations of Xie's Counsel.

### 4. <u>Xie's Counsel Have Failed to Identify Any Reason for their Withdrawal.</u>

The grant or denial of an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court. *Lieberman v. Polytop Corp.,* 2 Fed. Appx. 37,

---

the Court's future decision on these motions, let alone the imposition of sanctions.

39; 2001 US App. Lexis 16679 (1st Cir. (RI) 2001).  The Local Rules of this Court provide: "The Standards of Professional Conduct for attorneys appearing and/or practicing before this Court shall be the Rules of Professional Conduct as adopted by the Rhode Island Supreme Court."  *LR Gen. 208.*  The Rules of Professional Conduct in turn provide the grounds upon which an attorney may seek leave to withdraw:

> [A] lawyer may withdraw from representing a client if:
>
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;
>
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> (7) other good cause for withdrawal exists.

*Rule 1.16(b), R.I. Rules of Professional Conduct*.

Counsel's *Motion to Withdraw* recites that "Mr. Xie has responded through electronic mail that he understands the reasons for counsels' withdrawal…." (Dkt. 51, p. 2), but the *Motion* itself states no reasons whatsoever.  In seeking more time for Mr. Xie to respond to plaintiff's motions to compel discovery, counsel refers to "a breakdown in the attorney-client relationship" (Dkt. 55, p.1), but no further explanation has been provided.  "The grant or denial of a motion to withdraw rests within the sound discretion of the trial justice and depends upon such considerations as *the reasons necessitating the withdrawal*, the efficient

and proper operation of the court, and the effect that granting or denying the motion will have on the parties to the litigation." *Carter v. Dworkin*, 561 A.2d 389, 390-391 (R.I. 1989)(emphasis added).[8]

### III. CONCLUSION

Mr. Xie's counsel seeks to withdraw having left basic discovery obligations unfulfilled, and apparently in possession of documents from the defendants that have never been produced. Mr. Xie, with counsels' assistance, has asserted counterclaims in this action. Xie's Counsel has failed to describe adequately any reason for their withdrawal, and counsels' involvement is necessary in fairly resolving pending motions. For these reasons, plaintiff is compelled to objects to Xie's Counsels' *Motion to Withdraw* and requests that the Court order Xie's Counsel to remain as counsel for Mr. Xie for so long as Mr. Xie's present discovery obligations are fulfilled.

### LR Cv 7(e) Statement

Pursuant to Local Rule Cv 7(e), Quick Fitting states that it believes that oral argument concerning this Motion to Compel will be necessary.

---

[8] "The rationale for requiring court consent to any withdrawal of counsel is related to the particular court's inherent interest in keeping litigation matters moving as well as the opposing party's interest in the litigation." *Votta & Votta Law Offices, Ltd. v. Silvestri*, 2010 R.I. Super. LEXIS 64 (R.I. Super. Ct. 2010).

Date: April 3, 2013                        **QUICK FITTING, INC.**
By Its Attorneys,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL LAW
200 Hope Street
Providence, RI 02906
401-272-7400
401-621-5688 (Facsimile)
TNoel@LawNoel.com
JRHarrington@LawNoel.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2013, I served a copy of the foregoing via the Court's Electronic Case Filing (ECF) system, upon all counsel of record.

/s/ Thomas R. Noel