**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| QUICK FITTING, INC. | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CA No. 11-463-L |
| | : | |
| ZHEJIANG XINGXIN AITE | : | |
|   COPPER MFG. CO. LTD., | : | |
| QIFU XIE a/k/a "FRANK" XIE, | : | |
| FORLAND INTERNATIONAL | : | |
|   TRADING CO., LTD., | : | |
| YORHE FLUID INTELLIGENT | : | |
|   CONTROL CO., LTD., | : | |
|   and Unknown John Doe | : | |
| Individuals and/or Entities | : | |
|     Defendants | : | |

## PLAINTIFF'S OBJECTION AND RESPONSE TO COUNSELS' RENEWED MOTION TO WITHDRAW FROM THE REPRESENTATION OF DEFENDANT QIFU XIE

Plaintiff, Quick Fitting, Inc. ("Quick Fitting"), objects to the *Renewed Motion to Withdraw as Counsel of Record Without Substitution for Defendant QiFu "Frank" Xie* (Dkt. 66, the "*Motion*"), filed by Mr. Xie's current legal counsel, Timothy Cornell and Joseph Quinn. Withdrawal of counsel would leave Mr. Xie *unrepresented in this matter,* and would unduly prejudice the plaintiff in this matter. Counsels' *Motion* is also, in and of itself, deficient under the Rules. Quick Fitting requests that the Court deny the Motion to Withdraw, *at the present time*, for the reasons stated herein.

## I.    INTRODUCTION

Counsel may unilaterally withdraw from representation in a case in litigation only if no motions are pending before the court and the withdrawal is "accompanied by an entry of appearance by successor counsel." Local Rule Gen. 206(e)(1). Neither condition exists here.

Multiple motions are pending, and there is no successor counsel for Mr. Xie.[1]  Though

counsel has suggested several times that they needed extensions of time on various motions

to allow for successor counsel to step in, counsel has not identified anyone who will enter.

Xie's current counsel therefore cannot withdraw without the permission of the Court.

In requesting the Court's permission, counsel seeking to withdraw must file a motion with

particular certifications and information, including:

> (C)    The client's current address and a representation that counsel has made
> a reasonable effort to confirm that notices sent to that address are
> likely to be received by the client; and,

> (D)    A description of any motions or other matters pending in the case and
> a statement regarding the anticipated trial date.

Local Rule Gen. 206(e)(2)(C) – (D).  Xie's counsel have not satisfied these requirements,

and have left too much else incomplete so as to be prejudicial to the plaintiff and to the

Court.  For these and other reasons, the *Motion* should be denied.

## II.    ARGUMENT

### 1.    Counsel Have Not Provided a Reliable Address for Mr. Xie, and Failed to Provide a Proper Certification.

In their *Motion to Withdraw*, counsel provided an email address for their client, and

an address for mailings, in the words of the *Motion,* "if a physical address is required":

> E Room, 6th Fl
> Jianggong Building, 39
> Fushan Road, Pudong, Shanghai
> China 200120

(Dkt. 66, p. 2).  Counsel did not represent, however, that they "made a reasonable effort to

---

[1]    Counsel seeking to withdraw have from the beginning of the case represented both Mr. Xie and co-defendant Zhejiang Xingxin Aite Copper Mfg. Co. Ltd. ("XXAT") jointly.  Successor counsel on March 25, 2013, entered an appearance for XXAT only.

confirm that notices sent to that address are likely to be received by the client," as required

by Local Rule Gen. 206(e)(2)(C), saying only that Mr. "requested" that this address be used.

*Id*. The lack of affirmative certification is not formalistic nitpicking.  In the *Certification of*

*Notice* filed along with the *Motion to Withdraw* (Dkt. 66-1, ¶2), counsel states that they have

mailed notice of their *Renewed Motion* to Mr. Xie's "work address."  But in its original

*Motion to Withdraw* filed just three weeks earlier, counsel identified a *different* address as

Xie's "work address":

> Yorhe Fluid Intelligent Control Co. Ltd.,
> Qinggang Industrial Zone,
> Yuhuan, Zhejiang, China
> Post Code: 317606

*See* Dkt. 51-1, ¶ 1.  That "work address" was the address of newly-named defendant Yorhe

Fluid Intelligent Control Co., Inc. ("Yorhe").  Remarkably, it's the same address counsel

identified as Mr. Xie's *residence* address in his *Answers to Interrogatories*:

> **INTERROGATORY NO.1**:
>
> Please state your full name and residence address in China and in the United States and Canada, if any,
> your title and all positions within XXAT at the time of the answers to these interrogatories and each such title
> and position held by you within XXAT at any time since January 1, 2008.
>
> **ANSWER**:   QiFu "Frank Xie, Qinggang Industrial Zone, Yuhuan, Zhejiang, China, 317606. Until
> November 1, 2011 , Mr. Xie was general manager of XXAT.

*See Motion to Compel*, (Dkt. 39), p. 2.  But that address differs from the statement made by

Mr. Xie in his *Counterclaim* in March:

> Qi Fu "Frank" Xie is a citizen of China who resides in Beijing.

*See Answer and Counterclaim*, Dkt. 37, p. 14, ¶5.  Beijing is, upon information and belief,

more than 1,000 miles away from Yuhuan, Zhejiang and Pudong, Shanghai.

The identification of Mr. Xie's address is in fact at issue in plaintiff's pending

*Motions to Compel*, described more fully below, *Id.*, and counsel's listing of still another

address now lends little comfort to its reliability for service of papers on Mr. Xie in the

future.  This is no small omission given Mr. Xie's central role in this matter.[2]  If the Court

credits counsel's latest filing, allows counsel to withdraw and Mr. Xie then proceeds *pro* se,

then Quick Fitting asks the Court to order that service of all further communications and

pleadings on Mr. Xie *via* the email address provided shall be deemed sufficient.

### 2.   Counsel Has Incorrectly Recited the State of the Record.

In support of their *Renewed Motion to Withdraw,* Xie's counsel appear to represent

that there exists just one pending motion:

> Pending now before this Court is Plaintiff Quick Fitting's Motion to Compel
> Responses to Interrogatories and Discovery Requests.

*Renewed Motion to Withdraw*, Dkt. 66, p. 2.  That representation is misleading, and wrong.

In fact, there were several motions pending at the time counsel filed its *Renewed*

*Motion to Withdraw*.  Plaintiff had *two motions to compel discovery* pending against Mr. Xie,

one of which is also against XXAT (Dkt. 39 and Dkt. 41), and *another, separate* motion to

compel (Dkt. 40) pending against XXAT.[3]  Additionally, contemporaneously with the filing

of their *Renewed Motion to Withdraw*, Xie's counsel filed a *Motion for Extension of Time to*

---

[2]   Moreover, in the *Motion to Withdraw*, Xie's Counsel state only that they informed Xie of their intent to withdraw by electronic and other mail sent to his "work address" on February 25, 2013.  (Dkt. 66, p. 2).  In both their *Motion to Withdraw* and their *Certification of Notice*, they state that Xie responded to them through electronic mail.  There is no representation as to whether the certified or regular mail sent to the work address ever reached Mr. Xie.

[3]   *See* plaintiff's *Motion to Compel More Responsive Interrogatory Answers* from Xie (Dkt. 39), and plaintiff's *Motion to Compel Production of Documents and Things from Defendants Qifu Xie and Zhejiang Xingxin Aite Copper Mfg. Co. Ltd.*  (Dkt. 41).  *See* plaintiff's *Motion to Compel More Responsive Interrogatory Answers* from XXAT.  (Dkt. 40).

- 4 -

*Respond to Plaintiff Quick Fitting's Motion[s] to Compel.* (Dkt. 67).[4]  Days later, Xie's

counsel filed an *Opposition* to plaintiff's motions in which they asserted that plaintiff's

*Motions to Compel* should be denied due to a failure to meet and confer.  (Dkt. 69).[5]  Counsel

has since then filed a *Motion for Protective Order* aimed at blocking the noticed deposition

of Mr. Xie in Rhode Island.  (Dkt. 71).  XXAT filed its own *Motion for Protective Order*

concerning its refusal to provide a witness in Rhode Island for its noticed Rule 30(b)(6)

deposition.  (*See* Dkt. 70).  Plaintiff had noticed the XXAT deposition, and Mr. Cornell and

Mr. Quinn had taken the position that XXAT need not comply, well before moving to

withdraw from the representation of either XXAT or Xie.  As detailed further below, Xie's

Counsel should not be permitted to withdraw until the Court has had a chance to address and

resolve the pending motions.

### 3.   <u>Xie's Counsel Intends to Leave Many Discovery Disputes Un-resolved.</u>

Disregarding for the moment the number of motions pending, Xie's counsel should

not be permitted to withdraw until they have resolved present discovery disputes involving

their representation and Mr. Xie.[6]

Xie's interrogatory answers (and responses to document requests) were cursory,

vague, internally inconsistent, included refusals to answer based on unilateral declarations of

"irrelevance," and some used the deflection that Xie or XXAT had otherwise "herewith

---

[4]      The Court on April 10 had already granted additional time to Xie.  (Dkt. 65).  Xie filed a *second* request for extension to respond to the motions to compel.  Both the *Renewed Motion to Withdraw* and the second *Motion for Extension* (Dkt. 66 and Dkt. 67, respectively) were filed the same day - April 18, 2013.

[5]      As detailed further in plaintiff's *Reply* (Dkt. 74), plaintiff's counsel had engaged in extensive conferrals with Xie's counsel on the outstanding discovery responses and wrote a detailed letter to counsel outlining their deficient responses.  Xie's counsel simply failed to respond to that letter.

[6]      *See King v. NAIAD Inflatables of Newport, Inc*., 11 A.3d 64, 67 (R.I. 2010) (citing *Mills v. State Sales, Inc*., 824 A.2d 461, 469 (R.I. 2003) (the pendency of motions is a factor relevant to consideration of a motion to withdraw).  Moreover, plaintiff has moved not only to compel basic discovery but also for Rule 37 sanctions (Dkt. 77) which, if assessed, can be assessed against a party or its counsel.  Plaintiff of course makes no assumption about the Court's future decision on these motions, let alone the imposition of sanctions.

responded" when in fact they had not.  *See Motions to Compel* (Dkt. Nos. 39 and 41).  Those

answers and responses were compiled by counsel for Mr. Xie.  Contrary to the Rules, the

interrogatory answers were even executed *as to their substance* by counsel for Mr. Xie:

Date: November 30, 2012      Sworn under penalty of perjury that the above Responses are true and complete
to the best of his knowledge by his attorney on November 30, 2012,

/s/ *Timothy Cornell*
Timothy Cornell
Mueller Law Group PLLC
130 Trescott Rd.
Etna, NH 03750
(603) 277-0838
Timothy.cornell@muellerlaw.com
Attorney(s) for Plaintiff

*See* Dkt. 39-1.

Moreover, counsel for Mr. Xie (*pro hac vice* counsel Mr. Cornell) had informed

plaintiff's counsel both before and after the filing of the motions to compel that he had

documents that he was "going through" and that he would be producing them.  Counsel last

turned over a group of documents on February 4, 2013, consisting of a couple of emails, a

spreadsheet, and a series of purchase orders and invoices between XXAT and the plaintiff,

each of which was selected and offered in support of specific points counsel sought to make.

No general production was forthcoming despite the representations of counsel.

In their *Renewed Motion to Withdraw*, Xie's counsel represent that they provided

Quick Fitting with "all responsive documents in their possession that respond to their

discovery requests."  (Dkt. 66, at pp. 2-3).  This is contrary to the earlier communications

described above, and it wholly ignores the pending motions to compel.  Instead, Xie's

counsel purport to decide for themselves which documents are "responsive" and "respond to

[plaintiff's] discovery requests," and which do not.  Moreover, and importantly, Mr. Xie's

counsel have *never produced a privilege log*.  It is impossible therefore to determine what

issues there may be concerning withheld materials, if any, if counsel is permitted to withdraw before providing a log.

### 4.     Xie's Counsel Have Failed to Explain the Reason for their Withdrawal.

Because there is no successor counsel and motions are pending, counsel may not step aside unilaterally and without court approval.  *Local Rule Gen. 206(e)(1).*  The grant or denial of an attorney's motion to withdraw in a civil case is therefore a matter addressed to the discretion of the trial court.  *Lieberman v. Polytop Corp.,* 2 Fed. Appx. 37, 39; 2001 US App. Lexis 16679 (1st Cir. (RI) 2001).  "The grant or denial of a motion to withdraw rests within the sound discretion of the trial justice and depends upon such considerations as *the reasons necessitating the withdrawal*, the efficient and proper operation of the court, and the effect that granting or denying the motion will have on the parties to the litigation."  *Carter v. Dworkin*, 561 A.2d 389, 390-391 (R.I. 1989)(emphasis added).

The Local Rules of this Court provide: "The Standards of Professional Conduct for attorneys appearing and/or practicing before this Court shall be the Rules of Professional Conduct as adopted by the Rhode Island Supreme Court."  *LR Gen. 208.*  The Rules of Professional Conduct in turn provide the grounds upon which an attorney may *seek leave* to withdraw:

[A] lawyer may withdraw from representing a client if:

    (1)    withdrawal can be accomplished without material adverse effect on the interests of the client;

    (2)    the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

    (3)    the client has used the lawyer's services to perpetrate a crime or fraud;

    (4)    the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;

(5)   the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)   the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7)   other good cause for withdrawal exists.

*Rule 1.16(b), R.I. Rules of Professional Conduct*.

In rote fashion, counsel's *Motion to Withdraw* merely recites that there has been "an irretrievable breakdown in the attorney-client relationship" (Dkt. 66, p.1), but no further explanation is provided.  Counsel make no effort to support this breakdown or to explain how despite this breakdown they continue to file motions and oppositions on Mr. Xie's behalf.  Counsel also, for the first time, acknowledge in writing a *potential* conflict of interest between Xie and XXAT.  Counsel were aware – or certainly should have been aware - of this *potential* conflict of interest since their initial entry of appearance in this matter.  No reason has been provided as to how the *potential* conflict now suddenly warrants their withdrawal.  "The rationale for requiring court consent to any withdrawal of counsel is related to the particular court's inherent interest in keeping litigation matters moving *as well as the opposing party's interest in the litigation*."  *Votta & Votta Law Offices, Ltd. v. Silvestri*, 2010 R.I. Super. LEXIS 64 (R.I. Super. Ct. 2010)(emphasis added).  Thus, analysis of how the withdrawal *at this time* will affect the litigation is pertinent.

### III.   CONCLUSION

Mr. Xie's counsel seeks to withdraw having left basic discovery obligations unfulfilled, and apparently in possession of documents from the defendants that have never been produced.  Mr. Xie, with counsels' assistance, has asserted counterclaims in this action,

and has filed motions and objections which remain pending before the Court.  Xie's counsel has failed to describe adequately the reason for their withdrawal, and counsels' involvement is necessary in fairly resolving pending motions.  For these reasons, plaintiff is compelled to object to Xie's counsels' *Motion to Withdraw* and requests that the Court order Xie's counsel to remain as counsel for Mr. Xie for so long as Mr. Xie's present discovery obligations remain unfulfilled.

Date: May 6, 2013

**QUICK FITTING, INC.**
By Its Attorneys,

/s/ Thomas R. Noel
Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL LAW
200 Hope Street
Providence, RI 02906
401-272-7400
401-621-5688 (Facsimile)
TNoel@LawNoel.com
JRHarrington@LawNoel.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2013, I served a copy of the foregoing via the Court's Electronic Case Filing (ECF) system, upon all counsel of record.

/s/ Thomas R. Noel