UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

QUICK FITTING, INC.          :
                             :
     v.                      :     C.A. No. 11-463L
                             :
ZHEJIANG XINGXIN AITE COPPER :
MFG. CO., LTD, et al.        :

**MEMORANDUM AND ORDER**

Before the Court for determination is the Renewed Motion to Withdraw as Counsel of Record for Defendant QiFu "Frank" Xie (Document No. 66) filed by Attorneys Timothy Cornell and Joseph Quinn. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons discussed below, the Motion to Withdraw is GRANTED.

The Motion complies with the requirements of this Court's Local Rules (LR Gen. 206(e)(2)) and indicates that withdrawal is "necessary due to an irretrievable breakdown of the attorney-client relationship." Additionally, moving counsel assert that the "trajectory" of this case has resulted in a potential conflict for them because they previously represented both Mr. Xie and his former company and co-Defendant Zhejiang Xingxin Aite Copper Mfg Ltd. ("XXAT") in this case and were privy to confidences from both parties. XXAT now has new counsel. Moving counsel asserts that Mr. Xie and XXAT "could be in actual conflict in the course of this litigation." Finally, moving counsel represent that they have informed Mr. Xie of their intent to withdraw from the case and his right to object, and he responded to them that "he understands the reasons for Counsels' withdrawal and its implications." Mr. Xie has not presented any objection to counsels' withdrawal to the Court either on his own or through counsel.

Plaintiff raises several objections to the Renewed Motion to Withdraw and requests that "the Court order Xie's counsel to remain as counsel for Mr. Xie for so long as Mr. Xie's present discovery obligations remain unfulfilled." Plaintiff's objections to the Motion to Withdraw are not well founded, and it provides no authority for its position that this Court should hold counsel "hostage" until all outstanding discovery obligations are fulfilled. Further, if the representations of counsel as to an irretrievable breakdown of the attorney-client relationship and a potential conflict in continued representation are credited, it would seem unlikely that current counsel, in any event, would be in a position to effectively meet those discovery obligations.

Plaintiff also raises concerns about a "reliable" address for Mr. Xie, a Chinese national. In the renewed Motion to Withdraw, moving counsel provides both an email and physical address provided by Mr. Xie for receipt of mailings. See Document No. 66 at p. 2. Pursuant to Local Rule Gen. 205(c), it is ORDERED that service may be made on Mr. Xie at those addresses until either successor counsel appears to represent Mr. Xie or he files a change of address notification with the Court as required of pro se litigants by Local Rule Gen. 205(d)(1).

For the foregoing reasons, the Renewed Motion to Withdraw (Document No. 66) is GRANTED. Defendant QiFu "Frank" Xie is ORDERED to either engage successor counsel and have such counsel enter an appearance on his behalf within twenty-one days of the date of this ORDER or file a pro se entry of appearance with the Clerk of Court which includes his original signature, address, telephone number, email address and fax number, if any, as required by Local Rule Gen. 205(b). Failure to comply with this ORDER may result in default of Defendant Xie as to Plaintiff's claims against him and dismissal of his pending counterclaims against Plaintiff.

Finally, moving counsel are ORDERED to serve a copy of this ORDER on Mr. Xie and answer any questions he may have about his obligations hereunder.

SO ORDERED


　/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 23, 2013